IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-0868 |
| | ) | |
| | ) | Judge McVerry |
| CBS CORPORATION;  WINNER | ) | |
| DEVELOPMENT COMPANY, INC.; | ) | ELECTRONICALLY FILED |
| WINNER DEVELOPMENT, LLC; | ) | |
| AND AK STEEL CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**CONSENT DECREE**

PENGAD-Bayonne, N. J.

PLAINTIFF'S
EXHIBIT

A

2

## TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | BACKGROUND | 3 |
| II. | JURISDICTION | 4 |
| III. | PARTIES BOUND | 4 |
| IV. | DEFINITIONS | 4 |
| V. | PAYMENT OF RESPONSE COSTS | 6 |
| VI. | FAILURE TO COMPLY WITH CONSENT DECREE | 7 |
| VII. | COVENANT NOT TO SUE BY PLAINTIFF | 9 |
| VIII. | RESERVATIONS OF RIGHTS BY UNITED STATES | 9 |
| IX. | COVENANT NOT TO SUE BY SETTLING DEFENDANTS | 10 |
| X. | EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION | 10 |
| XI. | SITE ACCESS | 11 |
| XII. | ACCESS TO INFORMATION | 12 |
| XIII. | RETENTION OF RECORDS | 13 |
| XIV. | NOTICES AND SUBMISSIONS | 13 |
| XV. | RETENTION OF JURISDICTION | 14 |
| XVI. | INTEGRATION/APPENDICES | 14 |
| XVII. | LODGING AND OPPORTUNITY FOR PUBLIC COMMENT | 15 |
| XVIII. | SIGNATORIES/SERVICE | 15 |
| XIX. | DISPUTE RESOLUTION | 15 |
| XX. | FINAL JUDGMENT | 17 |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | |
| ) | Judge _____ |
| CBS CORPORATION; WINNER ) | |
| DEVELOPMENT COMPANY, INC.; ) | ELECTRONICALLY FILED |
| WINNER DEVELOPMENT, LLC; ) | |
| AND AK STEEL CORPORATION, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## CONSENT DECREE

### I. BACKGROUND

A. The United States of America ("United States"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), filed a complaint in this matter pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. § 9607, as amended ("CERCLA"), seeking reimbursement of response costs incurred or to be incurred for response actions taken at or in connection with the release or threatened release of hazardous substances at the Westinghouse Sharon Superfund Site in Sharon, Mercer County, Pennsylvania ("the Site").

B. The defendants that have entered into this Consent Decree ("Settling Defendants") do not admit any liability to Plaintiff arising out of the transactions or occurrences alleged in the complaint.

C. The United States and Settling Defendants agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

4

## II. JURISDICTION

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b) and also has personal jurisdiction over Settling Defendants. Solely for the purposes of this Consent Decree and the underlying complaint, Settling Defendants waive all objections and defenses that they may have to jurisdiction of the Court or to venue in this District. Settling Defendants shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III. PARTIES BOUND

2. This Consent Decree is binding upon the United States and upon Settling Defendants and their successors and assigns. Any change in ownership or corporate or other legal status, including but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Settling Defendants under this Consent Decree.

## IV. DEFINITIONS

3. Unless otherwise expressly provided herein, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meanings assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree or in any appendix attached hereto, the following definitions shall apply:

a. "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601, *et seq.*

b. "Consent Decree" shall mean this Consent Decree and all appendices attached hereto. In the event of conflict between this Consent Decree and any appendix, the Consent Decree shall control.

c. "Day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

d. "DOJ" shall mean the United States Department of Justice and any successor departments, agencies or instrumentalities of the United States.

e. "EPA" shall mean the United States Environmental Protection Agency and any successor departments, agencies or instrumentalities of the United States.

f. "EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

5

g. "Future Response Costs" shall mean all costs of response (other than those defined as "Past Response Costs" in subpart l, herein) including, but not limited to, direct and indirect costs, that the United States incurs and pays in connection with the Site. The United States' Future Response Costs shall include all of the United States' Interim Response Costs and all Interest on those Past Response Costs Settling Defendants have agreed to reimburse under this Consent Decree that has accrued pursuant to 42 U.S.C. § 9607(a) during the period from July 29, 2005 to the date of entry of this Consent Decree.

h. "Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year.

i. "Interim Response Costs" shall mean all costs of response, including direct and indirect costs, (a) paid by the United States in connection with the Site between April 26, 2005 and the effective date of this Consent Decree, or (b) incurred prior to the effective date of this Consent Decree but paid after that date.

j. "Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

k. "Parties" shall mean the United States and Settling Defendants.

l. "Past Response Costs" shall mean all costs of response, including but not limited to direct and indirect costs, that EPA or DOJ on behalf of EPA has paid at or in connection with the Site through April 26, 2005, plus accrued Interest on all such costs through July 29, 2005, but shall not include any such costs not also incurred by such date.

m. "Plaintiff" shall mean the United States.

n. "Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

o. "Settling Defendants" shall mean CBS Corporation, AK Steel Corporation, Winner Development Company, Inc., and Winner Development, LLC.

p. "Site" shall mean the Westinghouse Sharon Superfund Site which encompasses more than 58 acres and is located on the west side of Sharpsville Avenue, City of Sharon, Mercer County, Pennsylvania at latitude +41.243400 and longitude -80.505800. EPA identifies the Site as number PAD005000575. A map of the Site is attached as "Appendix A."

q. "United States" shall mean the United States of America, including all of its

6

departments, agencies and instrumentalities.

## V. PAYMENT OF RESPONSE COSTS

4. Payment of Past Response Costs to EPA.  Within ninety (90) days of entry of this Consent Decree, Settling Defendants shall pay to EPA $2,685,621.

5.a. Payment shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account in accordance with EFT instructions provided to Settling Defendants by the Financial Litigation Unit of the U.S. Attorney's Office in the Western District of Pennsylvania following entry of the Consent Decree.

b. At the time of payment, Settling Defendants shall also send notice that payment has been made to EPA and DOJ in accordance with Section XIV (Notices and Submissions).  Such notice shall reference the EPA Region and Site/Spill Identification Number 03Y7, DOJ case number 90-11-2-06869/1, and the civil action number.

6. Of the total amount to be paid pursuant to the preceding Paragraph 4, $2,610,621 shall be deposited in the EPA Hazardous Substance Superfund and $75,000 shall be deposited in the Westinghouse Sharon Superfund Site Special Account within the EPA Hazardous Substance Superfund to be retained and used to conduct or finance response actions at or in connection with the Site, or to be transferred by EPA to the EPA Hazardous Substance Superfund.

7. Payment of Future Response Costs to EPA.

a. Settling Defendants shall reimburse EPA for all of the United States' Future Response Costs not inconsistent with the National Contingency Plan ("NCP").  The United States will send Settling Defendants a bill requiring payment that includes a detailed cost summary, setting forth direct and indirect costs incurred by EPA, Department of Justice, and their contractors on a periodic basis.  Settling Defendants shall make all payments within sixty (60) days of Settling Defendants' receipt of each bill requiring payment, except as otherwise provided in Paragraph 7.b.  The Settling Defendants shall make all payments required by this Paragraph in the form of a certified or cashier's check or checks made payable to the "EPA Hazardous Substances Superfund," and referencing the EPA Region and Site 03Y7, the DOJ case number, 90-11-2-06869/1 and the name and address of the party making payment.  The Settling Defendants shall send the check(s) to the United States Environmental Protection Agency, Region III, Attention: Superfund Accounting, P.O. Box 360515, Pittsburgh, PA 15251-6515 or to any other address provided to the Settling Defendants pursuant to Section XIV (Notices and Submissions), and shall send copies of the check(s) to the United States as specified in Section XIV (Notices and Submissions) and to the Docket Clerk (3RC00), United States Environmental Protection Agency, Region III, 1650 Arch Street, Philadelphia, PA 19103.

b. Settling Defendants may contest payment of any Future Response Costs under

7

Paragraph 7.a. if they determine that the United States has made an accounting error or if they allege that a cost item that is included represents costs that are inconsistent with the NCP. Such objection shall be made in writing within thirty (30) days of receipt of the bill and must be sent to the United States, pursuant to Section XIV (Notices and Submissions). Any such objection shall specifically identify the contested Future Response Costs and the basis for objection. In the event of an objection, the Settling Defendants shall, within the thirty (30)-day period, pay all uncontested Future Response Costs to the United States in the manner described in the preceding Paragraphs 4 through 6. Simultaneously, the Settling Defendants shall establish an interest-bearing escrow account in a federally-insured, duly chartered, bank in the Commonwealth of Pennsylvania and remit to that escrow account funds equivalent to the amount of the contested Future Response Costs. The Settling Defendants shall send to the United States, as provided in Section XIV (Notices and Submissions), a copy of the transmittal letter and check paying the uncontested Future Response Costs, and a copy of correspondence that establishes and funds the escrow account, including, but not limited to, information containing the identity of the bank and bank account under which the escrow account is established as well as a bank statement showing the initial balance of the escrow account. Simultaneously with establishment of the escrow account, the Settling Defendants shall initiate the Dispute Resolution procedures in Section XIX (Dispute Resolution). If the United States prevails in the dispute, within five (5) days of the resolution of the dispute ("the Required Date of Payment"), the Settling Defendants shall pay the sums due (with accrued interest) to the United States in the manner described in the preceding Paragraphs 4 through 6; Settling Defendants shall be disbursed any balance of the escrow account. The dispute resolution procedures set forth in this Paragraph in conjunction with the procedures set forth in Section XIX (Dispute Resolution) shall be the exclusive mechanisms for resolving disputes regarding the Settling Defendants' obligation to reimburse the United States for its Future Response Costs.

## VI. FAILURE TO COMPLY WITH CONSENT DECREE

8. Interest on Late Payments.

   a. If any Settling Defendant fails to make any payment under Paragraph 4 (Payment of Past Response Costs) by the required due date, Interest shall continue to accrue on the unpaid balance through the date of payment.

   b. If any Settling Defendant fails to make any payment under Paragraph 7 (Payment of Future Response Costs) by the required due date, Interest shall continue to accrue on the unpaid balance beginning on the date of the bill through the date of payment.

9. Stipulated Penalty.

   a. If any amounts due under the preceding Paragraph 4 or Paragraph 7 are not paid, or any requirements of this Consent Decree are not met, by the required date, Settling Defendants shall be in violation of this Consent Decree and shall pay to EPA, as a stipulated

8

penalty, in addition to the Interest required by Paragraph 8, the following stipulated penalties per violation per day that such payment is late:

| Penalty Per Violation Per Day | Period of Noncompliance |
|---|---|
| $500 | 1st through 14th day |
| $750 | 15th through 30th day |
| $2,000 | 30th day and beyond |

With respect to those costs contested by one or more Settling Defendants pursuant to Paragraph 7.b, the Required Date of Payment shall be the date prescribed in Paragraph 7.b.

b. Stipulated penalties are due and payable within 30 days of the date of the demand for payment of the penalties by EPA. All payments to EPA under this Paragraph shall be identified as "stipulated penalties" and shall be made by certified or cashier's check made payable to "EPA Hazardous Substances Superfund." The check, or a letter accompanying the check, shall reference the name and address of the party(ies) making payment, the Site name, the EPA Region and Site Spill ID Number 03Y7, DOJ Case Number 90-11-2-06869/1, and the civil action number. Settling Defendants shall send the check (and any accompanying letter) to:

> United States Environmental Protection Agency, Region III
> Attention: Superfund Accounting
> P.O. Box 360515
> Pittsburgh, PA 15251-6515

or to any other address provided to the Settling Defendants pursuant to Section XIV (Notices and Submissions).

c. At the time of each payment, Settling Defendants shall also send notice that payment has been made to EPA and DOJ in accordance with Section XIV (Notices and Submissions). Such notice shall reference the EPA Region and Site/Spill ID Number 03Y7, DOJ Case Number 90-11-2-06869/1, and the civil action number.

d. Penalties shall accrue as provided in this Paragraph 9 regardless of whether EPA has notified Settling Defendants of the violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the day after payment is due and shall continue to accrue through the date of payment. Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

10. If the United States brings an action to enforce this Consent Decree, Settling Defendants shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time, unless Settling Defendants are determined to not have violated this Consent Decree.

11. Payments made under this Section shall be in addition to any other remedies or

9

sanctions available to Plaintiff by virtue of Settling Defendants' failure to comply with the requirements of this Consent Decree.

12. The obligations of Settling Defendants to pay amounts owed the United States under this Consent Decree are joint and several. In the event of the failure of any one or more Settling Defendants to make the payments required under this Consent Decree, the remaining Settling Defendants shall be responsible for such payments.

13. Notwithstanding any other provision of this Section VI, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree. Payment of stipulated penalties shall not excuse Settling Defendants from payment as required by Section V (Payment of Response Costs) or from performance of any other requirements of this Consent Decree.

## VII.   COVENANT NOT TO SUE BY PLAINTIFF

14. Covenant Not to Sue by United States. Except as specifically provided in Section VIII (Reservation of Rights by United States), the United States covenants not to sue or to take administrative action against Settling Defendants pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), to recover Past Response Costs or Future Response Costs at the Site, except as provided in Section XIX (Dispute Resolution). This covenant not to sue shall take effect upon receipt by EPA of all payments required by Section V, Paragraph 4 (Payment of Past Response Costs) and Paragraph 7 (Payment of Future Response Costs), and any amount due under Section VI (Failure to Comply with Consent Decree). This covenant not to sue is conditioned upon the satisfactory performance by Settling Defendants of their obligations under this Consent Decree. This covenant not to sue extends only to Settling Defendants and does not extend to any other person.

## VIII.   RESERVATIONS OF RIGHTS BY UNITED STATES

15. The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendants with respect to all matters not expressly included within the Covenant Not to Sue by Plaintiff in the preceding Paragraph 14. Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against Setting Defendants with respect to:

   a. liability for failure of Settling Defendants to meet a requirement of this Consent Decree;

   b. liability for injunctive relief or administrative order enforcement under Section 106 of CERCLA, 42 U.S.C. § 9606;

   c. criminal liability; and

   d. liability for damages for injury to, destruction of, or loss of natural resources,

10

and for the costs of any natural resource damage assessments.

## IX.  COVENANT NOT TO SUE BY SETTLING DEFENDANTS

16.  Settling Defendants covenant not to sue and agree not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to the Site, any release from the Site, or this Consent Decree, including but not limited to:

a.  any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

b.  any claim arising out of the response actions at the Site, including any claim under the United States Constitution, the Constitution of the Commonwealth of Pennsylvania, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law; or

c.  any claim against the United States pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, relating to the Site.

17.  Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. § 300.700(d).

## X.  EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION

18.  Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree.  The Parties expressly reserve any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action that they may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.

19.  The Parties agree, and by entering this Consent Decree this Court finds, that Settling Defendants are entitled, as of the date of entry of this Consent Decree, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), for "matters addressed" in this Consent Decree.  The "matters addressed" in this Consent Decree are all claims for response costs incurred or to be incurred at the Site by any person under Section 107 of CERCLA, 42 U.S.C. § 9607.

20.  Each Settling Defendant agrees that, with respect to any suit or claim for contribution brought by it for matters related to this Consent Decree, it will notify EPA and DOJ in writing no later than sixty (60) days prior to the initiation of such suit or claim.  Each Settling Defendant also

11

agrees that, with respect to any suit or claim for contribution brought against it for matters related to this Consent Decree, it will notify EPA and DOJ in writing within ten (10) days of service of the complaint or claim upon it. In addition, each Settling Defendant shall notify EPA and DOJ within 10 days of service or receipt of any Motion for Summary Judgment, and within 10 days of receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

21.   In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, *res judicata*, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenant Not to Sue by Plaintiff set forth in Section VII.

## XI.  SITE ACCESS

22.   If the Site, or any other property where access is needed to implement response activities at the Site, is owned or controlled by any of the Settling Defendants, such Settling Defendants shall, commencing on the date of lodging of this Consent Decree and thereafter, provide the United States and its representatives, including EPA and contractors, with access at all reasonable times to the Site, or to such other property, for the purpose of conducting any response activity related to the Site, including, but not limited to, the following activities:

A.  Monitoring, investigation, removal, remedial or other activities at the Site;

B.  Verifying any data or information submitted to the United States;

C.  Conducting investigations relating to contamination at or near the Site;

D.  Obtaining samples;

E.  Assessing the need for, planning, or implementing response actions at or near the Site;

F.  Inspecting and copying records, operating logs, contracts, or other documents maintained or generated by Settling Defendants or their agents, consistent with Section XII (Access to Information); and

G.  Assessing Settling Defendants' compliance with this Agreement.

23.   Notwithstanding any provision of this Consent Decree, EPA retains all of its access authorities and rights, as well as all of its rights to require land/water use restrictions, including

12

enforcement authorities related thereto, under CERCLA, the Resource Conservation and Recovery Act of 1976 ("RCRA"), 42 U.S.C. §§ 6901-6992k, and any other applicable statute or regulations.

## XII. ACCESS TO INFORMATION

Settling Defendants acknowledge their obligations, arising under Section XVIII (Access to Information) of Administrative Orders, Docket Nos. III-2000-0031-DC (Sept. 29, 2000) and CERC-03-2003-0179DC (April 29, 2003), to provide EPA with access to information.

24. <u>Confidential Business Information and Privileged Documents</u>.

a. Settling Defendants may assert business confidentiality claims covering part or all of the records submitted to Plaintiff under this Consent Decree to the extent permitted by and in accordance with Section 104(e)(7) of CERCLA, 42 U.S.C. § 9604(e)(7), and 40 C.F.R. 2.203(b). Records determined to be confidential by EPA will be accorded the protection specified in 40 C.F.R. Part 2, Subpart B. If no claim of confidentiality accompanies records when they are submitted to EPA, or if EPA has notified Settling Defendants that the records are not confidential under the standards of Section 104(e)(7) of CERCLA or 40 C.F.R. Part 2 Subpart B, the public may be given access to such records without further notice to Settling Defendants.

b. Settling Defendants may assert that certain records are privileged under the attorney-client privilege or any other privilege recognized by federal law. If Settling Defendants assert such a privilege in lieu of providing records, they shall provide Plaintiff with the following: 1) the title of the record; 2) the date of the record; 3) the name, title, affiliation (*e.g.*, company or firm), and address of the author of the record; 4) the name and title of each addressee and recipient; 5) a description of the subject of the record; and 6) the privilege asserted. If a claim of privilege applies only to a portion of a record, the record shall be provided to Plaintiff in redacted form to mask the privileged information only. Settling Defendants shall retain all records that they claim to be privileged until the United States has had a reasonable opportunity to dispute the privilege claim and any such dispute has been resolved in the Settling Defendants' favor.

25. No claim of confidentiality shall be made with respect to any data, including but not limited to, all sampling, analytical, monitoring, hydrogeologic, scientific, chemical, or engineering data, or any other documents or information.evidencing conditions at or around the Site.

## XIII. RETENTION OF RECORDS

26. Until ten (10) years after the entry of this Consent Decree, each Settling Defendant shall preserve and retain all records now in its possession or control, or which come into its possession or control, that relate in any manner to response actions taken at the Site or the liability of any person under CERCLA with respect to the Site, regardless of any corporate retention policy to the contrary.

13

27.  After the conclusion of the ten (10)-year document retention period in the preceding paragraph, Settling Defendants shall notify EPA and DOJ at least 90 days prior to the destruction of any such records, and, upon request by EPA or DOJ, Settling Defendants shall deliver any such records to EPA.  Settling Defendants may assert that certain records are privileged under the attorney-client privilege or any other privilege recognized by federal law.  If Settling Defendants assert such a privilege, they shall provide Plaintiff with the following:  1) the title of the record; 2) the date of the record; 3) the name, title, affiliation (*e.g.*, company or firm), and address of the author of the record; 4) the name and title of each addressee and recipient; 5) a description of the subject of the record; and 6) the privilege asserted.  If a claim of privilege applies only to a portion of a record, the record shall be provided to Plaintiff in redacted form to mask the privileged information only.  Settling Defendants shall retain all records that they claim to be privileged until the United States has had a reasonable opportunity to dispute the privilege claim and any such dispute has been resolved in the Settling Defendants' favor.

28.  Each Settling Defendant hereby certifies individually that, since issuance of Special Notice Letters dated May 19, 2000, to the best of its knowledge and belief, after thorough inquiry, it has not altered, mutilated, discarded, destroyed or otherwise disposed of any records, reports, or information relating to its potential liability regarding the Site and that it has fully complied with any and all EPA requests for information pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e), and Section 3007 of RCRA, 42 U.S.C. § 6972.

## XIV.  NOTICES AND SUBMISSIONS

29.  Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Settling Defendants in writing.  Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the United States, EPA, DOJ, and Settling Defendants, respectively.

As to the United States:

As to DOJ:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice (DJ # 90-11-2-06869/1)
P.O. Box 7611
Washington, D.C.  20044-7611

14

As to EPA:

Sheila Briggs-Steuteville (3RC43)
Senior Assistant Regional Counsel
U.S. Environmental Protection Agency
Region III
1650 Arch Street
Philadelphia, PA 19103-2029

Victor Janosik (3HS22)
Remedial Project Manager
U.S. Environmental Protection Agency
Region III
1650 Arch Street
Philadelphia, PA 19103-2029

Barbara Borden (3PM30)
Financial Specialist
U.S. Environmental Protection Agency
Region III
1650 Arch Street
Philadelphia, PA 19103-2029

As to Settling Defendants:

William Wall
CBS Corporation
11 Stanwix Street
Pittsburgh, PA 15222-1384

## XV. RETENTION OF JURISDICTION

30. This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XVI. INTEGRATION/APPENDICES

31. This Consent Decree and its appendix constitute the final, complete and exclusive agreement and understanding among the Defendants with respect to the settlement embodied in this Consent Decree. The Parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Consent

15

Decree. The following appendix is attached to and incorporated into this Consent Decree:
"Appendix A" is the map of the Site.

## XVII. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

32. This Consent Decree shall be lodged with the Court for a period of not less than 30
days for public notice and comment. The United States reserves the right to withdraw or withhold
its consent if the comments regarding the Consent Decree disclose facts or considerations which
indicate that this Consent Decree is inappropriate, improper, or inadequate. Settling Defendants
consent to the entry of this Consent Decree without further notice.

33. If for any reason this Court should decline to approve this Consent Decree in the form
presented, this agreement is voidable at the sole discretion of any party and the terms of the
agreement may not be used as evidence in any litigation between the Parties.

## XVIII. SIGNATORIES/SERVICE

34. Each undersigned representative of a Settling Defendant to this Consent Decree and
the Deputy Chief, Environmental Enforcement Section of the United States Department of Justice
certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree
and to execute and bind legally such Party to this document.

35. Each Settling Defendant hereby agrees not to oppose entry of this Consent Decree by
this Court or to challenge any provision of this Consent Decree, unless the United States has
notified Settling Defendants in writing that it no longer supports entry of the Consent Decree.

36. Each Settling Defendant shall identify, on the attached signature page, the name and
address of an agent who is authorized to accept service of process by mail on behalf of that Party
with respect to all matters arising under or relating to this Consent Decree. Settling Defendants
hereby agree to accept service in that manner and to waive the formal service requirements set
forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court,
including but not limited to, service of a summons. The Parties agree that Settling Defendants
need not file an answer to the complaint in this action unless or until the Court expressly declines
to enter this Consent Decree.

## XIX. DISPUTE RESOLUTION

37. Unless otherwise expressly provided for in this Consent Decree, the dispute resolution
procedures of this Section XIX shall be the exclusive mechanism to resolve disputes arising under
or with respect to this Consent Decree. However, the procedures set forth in this Section XIX
shall not apply to actions by the United States to enforce obligations of the Settling Defendants
that have not been disputed in accordance with this Section XIX.

16

38. Any dispute which arises under or with respect to this Consent Decree shall in the first instance be the subject of informal negotiations between the parties to the dispute. The period for informal negotiations shall not exceed twenty (20) days from the time the dispute arises, unless it is modified by written agreement of the parties to the dispute. The dispute shall be considered to have arisen when one party sends the other parties a written Notice of Dispute.

39. a. In the event that the parties cannot resolve a dispute by informal negotiations under the preceding Paragraph 38, then the position advanced by EPA shall be considered binding unless, within ten (10) days after the conclusion of the informal negotiation period, Settling Defendants invoke the formal dispute resolution procedures of this Section XIX by serving on the United States a written Statement of Position on the matter in dispute, including, but not limited to, any factual data, analysis or opinion supporting that position and any supporting documentation relied upon by the Settling Defendants.

b. Within fourteen (14) days after receipt of Settling Defendants' Statement of Position, EPA will serve on Settling Defendants its Statement of Position, including, but not limited to, any factual data, analysis, or opinion supporting that position and all supporting documentation relied upon by EPA. Within seven (7) days after receipt of EPA's Statement of Position, Settling Defendants may submit a Reply.

40. Following receipt of all parties' Statements of Position, the Director of the Hazardous Site Cleanup Division, EPA Region III, will issue a final decision resolving the dispute. The Hazardous Site Cleanup Division Director's decision shall be binding on the Settling Defendants unless, within 10 days of receipt of the decision, the Settling Defendants file with the Court and serve on the parties a motion for judicial review of the decision setting forth the matter in dispute, the efforts made by the parties to resolve it, the relief requested, and the schedule, if any, within which the dispute must be resolved to ensure orderly implementation of the Consent Decree. The United States may file a response to Settling Defendants' motion.

41. Except as provided in this paragraph, the invocation of formal dispute resolution procedures under this Section XIX shall not extend, postpone, or affect in any way any obligation of the Settling Defendants under this Consent Decree unless EPA or the Court agrees otherwise. Stipulated penalties with respect to the disputed matter shall continue to accrue but payment shall be stayed pending resolution of the dispute as provided in Paragraph 9 (Stipulated Penalty). Notwithstanding any stay of payment, stipulated penalties shall accrue from the first day of noncompliance with any applicable provision of this Consent Decree. In the event that Settling Defendants do not prevail on the disputed issue, stipulated penalties shall be assessed and paid as provided in Paragraph 9. However, notwithstanding the foregoing, no stipulated penalties shall accrue during the dispute resolution process where Settling Defendants have disputed Future Response Costs in compliance with the requirements of Paragraph 7(b).

## XX. FINAL JUDGMENT

42. Upon approval and entry of this Consent Decree by the Court, this Consent Decree

17

shall constitute the final judgment between and among the United States and the Settling Defendants. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED THIS 28th DAY OF August , 2006.


s/ Terrence F. McVerry
United States District Judge

18

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of United States v.
CBS Corporation, Winner Development Company, Inc., Winner Development, LLC, and AK Steel
Corporation, Civil Action No. _____, relating to the Westinghouse Sharon Superfund
Site.

FOR THE UNITED STATES OF AMERICA

Date: 6/27/06

W. BENJAMIN FISHEROW
Deputy Chief
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Washington, D.C. 20530

Date:

MARY BETH BUCHANAN
United States Attorney
Western District of Pennsylvania

Date: 29 JUNE 2006

PAUL E. SKIRTICH
Assistant United States Attorney
Office of the U.S. Attorney        PA. ID NO. 30440
700 Grant Street, Suite 400
Pittsburgh, PA 15219

Date: 6/27/06

KATHERINE L. VANDERHOOK
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611

19

Date: 6/14/06

DONALD S. WELSH
Regional Administrator, Region III
U.S. Environmental Protection Agency
1650 Arch Street
Philadelphia, PA 19103-2029


Date: 6/8/06

WILLIAM C. EARLY
Regional Counsel, Region III
U.S. Environmental Protection  Agency
1650 Arch Street
Philadelphia, PA 19103-2029


Date: 6-7-06

SHEILA BRIGGS-STEUTEVILLE
Senior Assistant Regional Counsel, Region III
U.S. Environmental Protection Agency
1650 Arch Street
Philadelphia, PA 19103-2029

20

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of United States v. CBS Corporation, Winner Development Company, Inc., Winner Development, LLC, and AK Steel Corporation, Civil Action No. _____, relating to the Westinghouse Sharon Superfund Site.

FOR DEFENDANT CBS CORPORATION

Date: 6/5/06

LOUIS J. BRISKMAN, ESQ.
Executive Vice President and General Counsel

Agent Authorized to Accept Service on Behalf of Above-signed Party:

William D. Wall
Vice President, Senior Counsel
CBS Corporation
11 Stanwix Street
Pittsburgh, PA 15222-1384
412-642-3580 (phone)
412-642-3923 (fax)
William.Wall@cbs.com

21

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of United States v. CBS Corporation, Winner Development Company, Inc., Winner Development, LLC, and AK Steel Corporation, Civil Action No. _____, relating to the Westinghouse Sharon Superfund Site.

FOR DEFENDANT WINNER DEVELOPMENT COMPANY

Date: **5/3/06**

JAMES E. WINNER, JR.
Chairman

FOR DEFENDANT WINNER DEVELOPMENT, LLC

Date: **5/3/06**

JAMES E. WINNER, JR.
Managing Member

Agent Authorized to Accept Service on Behalf of Above-signed Parties:

Richard F. Moroco
Law Office of Richard F. Moroco
194 East State Street
P.O. Box 3066
Sharon, Pennsylvania 16146
724-981-4258 (phone)
724-981-4103 (fax)
rfm@morocolaw.com

22

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of United States v. CBS Corporation, Winner Development Company, Inc., Winner Development, LLC, and AK Steel Corporation, Civil Action No. _____, relating to the Westinghouse Sharon Superfund Site.

FOR DEFENDANT AK STEEL

Date: 5/2/06                    BY:

DAVID C. HORN
Senior Vice President, General Counsel and Secretary
AK Steel Corporation


Agent Authorized to Accept Service on Behalf of Above-signed Party:

John J. Kuzman, Jr.
Chief Compliance Officer and Assistant General Counsel
AK Steel Corporation
703 Curtis Street
Middletown, OH 45043-0001
513-425-5224 (phone)
513-425-5607 (fax)
john.kuzman@aksteel.com

Case 2:06-cv-00868-TFM   Document 2   Filed 06/30/2006   Page 23 of 23



FIGURE 1
SITE LOCATION MAP
FORMER TRANSFORMER FACILITY
SHARON, PENNSYLVANIA

PREPARED FOR
VIACOM, INC.
PITTSBURGH, PENNSYLVANIA

DRAWING NUMBER
9311 1A6